**Albert H. CARTER, Petitioner-Appellant,**

v.

**UNITED STATES of America et al., Respondents-Appellees.**

No. 76–1601

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1977.

Albert H. Carter, pro se.

Arnold A. Vickery (Court-appointed), Houston, Tex., for petitioner-appellant.

Ronald T. Knight, U. S. Atty., Edgar Ennis, Jr., Asst. U. S. Atty., Macon, Ga., for respondents-appellees.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

GOLDBERG, Circuit Judge:

Plaintiff filed this suit against the United States and various government officials, seeking to expunge all records of his earlier perjury conviction. Defendants filed a motion to dismiss the complaint and a supporting memorandum. Before the court ruled on the motion, plaintiff filed his own motion to dismiss. The motions differed in that plaintiff sought dismissal without prejudice, whereas defendants sought an adjudication on the merits. The court granted defendants' motion, writing an opinion in support of its view that plaintiff's lawsuit was meritless.

We have no occasion to review the district court's resolution of the merits. We hold that the court erred when it refused to dismiss the complaint without prejudice as the plaintiff desired. The issue is squarely governed by Fed.R.Civ.P. 41(a)(1):

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judg-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir.,1970, 431 F.2d 409, Part I.

ment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.[1]

As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion. The defendants here concededly filed neither, and the district court therefore should have dismissed the complaint without prejudice.

The defendants complain that they expended considerable effort in preparing their motion to dismiss, and they argue that their dismissal motion should therefore be treated as the equivalent of an answer. Under that approach, rule 41(a)(1) would be inapplicable, and the dismissal would be governed by rule 41(a)(2):

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in

the order, a dismissal under this paragraph is without prejudice.

Rule 41, however, sanctions no such case-by-case analysis of the amount of effort expended by defendants. Nor does the fact that defendants had "joined issue" on the merits affect plaintiff's ability to dismiss his suit. Unless a defendant has filed an answer or summary judgment motion, the governing provision is rule 41(a)(1). Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer.[2]

We have consistently held that rule 41(a)(1) means what it says. *See Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters*, 506 F.2d 914 (5th Cir.), *cert. denied*, 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); *Plain Growers, Inc. v. Ickers-Braun Glass, Inc.*, 474 F.2d 250, 252–54 (5th Cir. 1973); *Nix v. Machinists Lodge No. 2*, 452 F.2d 794, 797–98 (5th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972). The judgment is reversed, and the case is remanded with instructions to enter an order dismissing the complaint without prejudice.

---

1. Rule 41(a)(1) begins by making its provisions "[s]ubject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States." Rule 23(e) governs dismissals of class actions, and rule 66 governs dismissals of actions in which receivers have been appointed. Neither rule affects our case, nor is there an applicable statute.

2. We attribute no significance to the fact that plaintiff's *pro se motion* cited rule 41(a)(2) rather than rule 41(a)(1). To hold otherwise

would constitute an unjustifiably technical construction of a pro se document. The motion was undoubtedly sufficient to apprise the court of what was being sought. *Cf. Williams v. Ezell*, 531 F.2d 1261, 1263 (5th Cir. 1976) (failure to cite rule 41 at all held irrelevant). In addition, we attribute no significance to plaintiff's styling of the document as a "motion to dismiss" rather than a "notice of dismissal," the phrase used in rule 41(a)(1). *See id.*