**In re CENTRO DE TRANSMISIONES AUTOMATICAS DE PUERTO NUEVO, INC., Debtor.**

**CENTRO DE TRANSMISIONES AUTO-MATICAS DE PUERTO NUEVO, INC., Plaintiff/Movant,**

v.

**BORINQUEN RADIO DISTRIBUTORS INC., et als., Defendant/Respondent.**

**Bankruptcy No. B–86–01588(ESL). Adv. No. 86–0234.**

United States Bankruptcy Court, D. Puerto Rico.

July 16, 1987.

See also, Bkrtcy., 73 B.R. 297.

Arturo Aponte Parés, Hato Rey, P.R., for debtor-plaintiff.

Maria Luisa Contreras, San Juan, P.R., for codefendants Graciela Arbucias Suarez, Hugo Arbucias, Borinquen Radio Distributors, Inc. & Jose Arce Otero.

Fernando Van Derbys, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for the Dept. of Justice of the Com. of Puerto Rico.

## ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On September 16, 1986 plaintiff filed a complaint requesting an order to show cause, and alleging that the defendants had taken some property belonging to the debtor notwithstanding the order for relief entered by the court on September 2, 1986. All the codefendants filed motions to dismiss. The plaintiff did not oppose any of the motions to dismiss. On December 12, 1986 plaintiff filed a "Notice of Voluntary Dismissal Without Prejudice Under Bankruptcy Rule 7041 and FRCP 41(a)". A Pre-Trial was held on December 15, 1986, and several codefendants objected to the voluntary dismissal requested by plaintiff based upon the frivolous nature of the complaint. The court gave the parties ten (10) days to file a Memorandum of Law. The same having been filed the Court now proceeds to decide the two (2) issues before its consideration, to wit, whether the plaintiff may dismiss this proceeding pursuant to

Rule 7041 of the Bankruptcy Rules, and whether Rule 9011 sanctions should be imposed on plaintiff for having filed an allegedly frivolous complaint.

 As a general rule a plaintiff may dismiss an action as a matter of right if the notice of dismissal is filed prior to service of an answer or of a motion for summary judgment. See generally *Wright & Miller,* Federal Practice and Procedure, Civil Section 2363. A motion to dismiss does not impede the plaintiff's absolute right, *Carter v. U.S.A.,* 547 F.2d 258 (5th Cir.1977), unless the motion to dismiss is treated as a motion for summary judgment, *Exxon v. Maryland Casualty Co.,* 599 F.2d 659, 661 (5th Cir.1979), or if the proceedings have progressed to an advanced stage. *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105 (2nd Cir.1953), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383. In this proceeding the motion to dismiss by codefendants Graciela Arbucias Suárez, Hugo Arbucias, Borinquen Radio Distributors, Inc. and José Arce Otero was not treated by the Court as a motion for summary judgment, nor were the proceedings at such an advanced stage that substantial discovery had taken place or that any evidentiary hearing had been held. Accordingly, the plaintiff has an absolute right to dismiss the instant action.

However, the Court must decide whether the plaintiff should be sanctioned pursuant to Bankruptcy Rule 9011 for filing a frivolous complaint.

Bankruptcy Rule 9011 provides in its relevant part as follows:

"(a) Signature

Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, statement of financial affairs, statement of executory contracts, Chapter 13 Statement, or amendments thereto, shall be signed by at least one attorney of record in his individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state his address and tele-

phone number. The signature of an attorney or a party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harrass, to cause delay, or to increase the cost of litigation. If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the person whose signature is required. If a document is signed in violation of this rule, *the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."* (Emphasis supplied).

*See also, Cinema Service Corporation v. Edbee Corp.,* 774 F.2d 584 (3rd Cir.1985), *In re Usoskin,* 56 B.R. 805 (Bankr.E.D.N. Y.1985).

Rule 11 was amended in 1983 to provide a more strict standard to attorneys signing pleadings and motions and to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." See the Advisory Committee Note to the 1983 amendments reprinted in 97 F.R.D. 165, 198.

A review of the pleadings filed in this proceeding shows that the basic facts leading to this proceeding are as follows: Borinquen Radio Distributors, Inc. (Borinquen), through its employees, sold to Carlos Mattei Santiago certain merchandise under C.O.D. terms. Mr. Mattei Santiago took possession of the merchandise but did not pay for the same. The matter was referred to the District Attorney in order that criminal charges be brought against Mattei Santiago for grand larceny under

article 166 of the Penal Code of Puerto Rico, 33 L.P.R.A. § 4272. (It now appears that Mattei Santiago has been found guilty of grand larceny in case number 86–4494(1101) before the Superior Court of Puerto Rico.) The merchandise sold by Borinquen was stored at premises other than those owned by the debtor corporation. Through a valid court order the merchandise was seized and placed in the custody of Borinquen to be used as evidence in the criminal proceedings.

From these facts plaintiff weaves a civil rights conspiracy and sues everyone who in any way came in contact with the matter, to include the District Attorney in charge of the criminal case and the Secretary of Justice of the Commonwealth of Puerto Rico.

A reasonable inquiry as to the facts and the applicable law should have prompted debtor-plaintiff's attorney to conclude that the actions complained of were not stayed under 11 U.S.C. § 362 and that the state officials were immune from suit. The actions by Borinquen and the private codefendants were not against debtor and thus not protected by the automatic stay. *Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir.1983). Criminal actions are not stayed by 11 U.S.C. § 362(a). See 11 U.S.C. § 362(b)(1). The state official were clearly acting within the scope of their employment and were thus immune from suit. Also the action is barred by the Eleventh Amendment to the Constitution of the United States. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Cases raising the probable question of immunity require a plaintiff's attorney to make a reasonable inquiry as to the facts before affirming "that the defendant official cannot successfully show he has the defense of immunity." *Elliot v. Perez,* 751 F.2d 1472, 1481–1482 (5th Cir.1985). The facts as plead in the complaint show that the inquiry was not done. In fact, as to the Secretary of Justice there are not factual allegations and the complaint states that he is being sued in his official capacity.

The allegation that criminal charges against a non debtor party is a violation of the stay and a subterfuge to collect a debt, under the factual setting of this case is frivolous and is not based on reasonably arguable grounds. *EBI, Inc. v. Gator Industries, Inc.,* 807 F.2d 1 (1st Cir.1986).

We find that the filing of the complaint has resulted in unnecessary litigation expenses and costs to the codefendants.

For the reasons stated above, sanctions are hereby imposed on plaintiff's attorney pursuant to Bankruptcy Rule 9011. Plaintiff's attorney is hereby ordered to pay the costs of this proceeding and the amount of $100.00 for attorney's fees to codefendants Graciela Arbucias Suárez, Hugo Arbucias, Borinquen Radio Distributors Inc., and José Arce Otero.

It is further ordered that the instant proceeding be and hereby is dismissed.

IT IS SO ORDERED.