United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03 - 40687
SUMMARY CALENDAR

_____

NATHANIEL HOWARD THOMAS,

Plaintiff - Appellant,

v.

LAWRENCE E. PHILLIPS,

Defendant - Appellee.

_____

On Appeal from the United States District Court for the
Eastern District of Texas
(4:01-CV-372)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal we review the district court's decision to dismiss Plaintiff - Appellant,

Nathaniel Howard Thomas's (hereinafter, "Thomas"), 42 U.S.C. § 1983 civil rights complaint.

For the following reasons, we reverse and remand.

I.

_____

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

FACTUAL AND PROCEDURAL BACKGROUND

Thomas filed a pro se in forma pauperis civil rights complaint pursuant to 42 U.S.C. § 1983 against his former attorney, Defendant - Appellee, Lawrence Phillips (hereinafter, "Phillips").  In his complaint, Thomas alleges that Phillips rendered ineffective assistance of counsel at Thomas's trial and on appeal.

The Magistrate Judge conducted an initial screening and concluded that because Phillips was a private attorney and not a state actor, he could not be sued under 42 U.S.C. § 1983.  The Magistrate Judge recommended that the district court dismiss Thomas's complaint with prejudice for failure to state a claim upon which relief could be granted.

Thomas filed objections to the Magistrate Judge's Report and Recommendation, and included a motion for leave to amend his complaint.  Thomas also filed a motion for voluntary dismissal pursuant to FED. R. CIV. P. 41.  The district court, however, adopted the Magistrate Judge's recommendation and dismissed Thomas's complaint with prejudice.  This appeal timely followed.

II.

MOTION TO DISMISS

Thomas argues that the district court should have allowed him to dismiss his complaint voluntarily, without prejudice.  It is true that a plaintiff may, with certain exceptions, dismiss an action without court order by filing a notice of dismissal prior to service by the adverse party of an answer or of a motion for summary judgment.  FED. R. CIV. P. 41(a)(1).  Thomas's motion to dismiss may not have been perfectly clear, but it is not crucial that a pro se plaintiff correctly cite the provisions of Rule 41.  *Carter v. United States*, 547 F.2d 258, 259 n. 2 (5th Cir. 1977).

The district court does not have the power or discretion to attach any condition or burden to the plaintiff's absolute right to dismiss a lawsuit, so long as the conditions established in Rule 41(a)(1) exist. *Id.* at 259; *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976). The filing of a motion to dismiss under Rule 41(a)(1) ends the case, and any attempt to deny relief on the merits and dismiss with prejudice is void. *Id.*

Phillips has not filed an answer, nor has he filed a motion for summary judgment. Further, there is nothing in the record to suggest that any of the exceptions to Rule 41(a)(1) apply, as (1) this is not a class action under FED. R. CIV. P. 23; and (2) this case does not involve a receiver as referenced in FED. R. CIV. P. 66. Finally, there is nothing in the record to indicate that Thomas has previously dismissed any other suit involving any claim involved in this suit. FED. R. CIV. P. 41(a)(1). Thus, Thomas had an absolute right to have his suit dismissed without prejudice, and the district court erred in denying his motion to dismiss. *Carter*, 547 F.2d at 259.

III.

CONCLUSION

For the foregoing reasons, we reverse and remand.