[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2006
THOMAS K. KAHN
CLERK

No. 05-16246
Non-Argument Calendar
_____

D. C. Docket No. 05-01195-CV-TWT-1

JAMES D. CUNNINGHAM,

                                                        Plaintiff-Appellant,

versus

MURRIEL M. WHITENER,
SHAWN WHITENER,
WHITENER LIMITED PARTNERSHIP,
GAYE M. WHITENER,
LARKIN & HUFF, LLP,
WHITENER MANAGEMENT & CONSULTING, LLC, et al.,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 2, 2006)**

Before ANDERSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

James D. Cunningham appeals pro se the district court's dismissal with prejudice of his federal complaint under Federal Rule of Civil Procedure 41(a). He argues that the court erred by applying Rule 41(a)(1)'s "two-dismissal" rule to his Rule 41(a)(2) motion to have the court dismiss his complaint without prejudice. For the reasons set forth more fully below, we conclude that the district court abused its discretion and vacate and remand.

On November 23, 2004, Cunningham filed in federal district court what appears to be an identical complaint as the one in the instant case.[1] The complaint there, as the one in the instant case, named 43 defendants, including the Whitener defendants and the Sams defendants, as well as numerous others, including individuals and corporations such as REMAX. Cunningham alleged that the defendants had attempted and conspired to violate RICO, and named 15 predicate acts, mostly Georgia state law claims, including mail fraud, bank fraud, tortious interference with a contract, tortious interference with business relations, fraudulent misrepresentation, deceptive trade practices, and violations of Georgia's

---

[1] There are two sets of defendant-appellees in this case. The first set consists of Muriel M. Whitener and Shawn Whitener and their associated holdings. For the sake of simplicity, where it is necessary to refer to only one group at a time, the first set will be referred to as "Whitener" or the "Whitener defendants." The second set consists of the law firm Sams, Larkin, & Huff, L.L.P., as well as several individuals and another firm. Where necessary to refer to this distinct subset, it will be referred to as "Sams" or the "Sams defendants."

2

real estate license law. As relief, he sought $150 million. However, on April 25, 2005, Cunningham, through counsel, filed a motion to dismiss the complaint without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(i).

Cunningham then filed the instant pro se complaint on May 5, 2005, alleging the same claims against the same defendants. The Whitener defendants responded by filing a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(5) and (b)(6) on multiple grounds, including lack of standing, failure to properly serve the defendants in a timely fashion, and failure to state a claim. The Sams defendants filed a similar motion. Other defendants in the case also filed motions to dismiss, arguing that the court lacked subject matter jurisdiction and that Cunningham had failed to state a claim.

Before the district court had the opportunity to rule on the motions to dismiss, Cunningham, proceeding pro se, filed a motion to dismiss without prejudice pursuant to Fed.R.Civ.P. 41(a)(2). In his motion, Cunningham explained that he filed the instant complaint for three reasons: (1) the firm he originally had hired could not represent him due to a conflict of interest; (2) he had no representation and did not know what the time limitations were, so he wanted to preserve his rights; and (3) he feared that the Whiteners would sell the property that he desired to purchase. Cunningham further stated that he eventually hired an

attorney who offered a positive review of Cunningham's pro se complaint. According to Cunningham, his attorney later dismissed the complaint without his knowledge or permission, prompting Cunningham to fire the attorney. The attorney later sent Cunningham a letter indicating that the claims raised in his complaint lacked merit.

After considerable effort, Cunningham eventually found an attorney who offered to give an assessment of Cunningham's federal complaint. After some time, the attorney told Cunningham that there were a lot of things wrong in his complaint, and candidly told Cunningham that his interpretation of the federal statutes was faulty and the claims should be dropped. The attorney further told Cunningham that some of the state law claims might have merit, but should be pursued in state courts. Thus, Cunningham moved the court to dismiss the complaint without prejudice, understanding that the federal causes of action would not be re-filed because they lacked merit. Cunningham further noted that he wished to retain the right to file some of his remaining state claims in state court. Finally, Cunningham specifically referenced that his motion was being filed pursuant to Fed.R.Civ.P. 41(a)(2).

The Whiteners opposed Cunningham's motion to dismiss the case without prejudice because Fed.R.Civ.P. 41(a) contained a provision that "a notice of

4

dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States . . . based on or including the same claim." Thus, they requested that the case be dismissed with prejudice. The Sams defendants filed a similar motion requesting that the dismissal be with prejudice, citing Fed.R.Civ.P. 41(a)(1).

Without ruling on the defendants' various motions to dismiss or the Whiteners motion for sanctions, the district court entered an order stating that:

> No Defendant having filed an Answer, the Plaintiff is entitled under Rule 41(a) to dismiss this action without court order or the consent of the other parties. However, because it is a second dismissal, it is with prejudice. The Plaintiff's Motion to Dismiss [R1-12] is GRANTED.

Cunningham timely filed a notice of appeal.

Cunningham argues on appeal that he filed his motion to dismiss the case without prejudice under Fed.R.Civ.P. 41(a)(2), not (a)(1), and the district court committed an error of law reviewable de novo by dismissing his case under (a)(1). (Blue Brief at 25-27). He argues that the district court had no legal authority to dismiss his case with prejudice and wishes to retain the right to challenge any subsequent order addressing his Rule 41(a)(2) motion. (Id. at 27-28). Thus, he requests that this Court either set aside the district court's order and issue a new order granting his motion to dismiss without prejudice, or remand the case for reconsideration of his Rule 41(a)(2) motion. (Id. at 29).

As a preliminary matter, it is not entirely clear what the standard of review is for this appeal. The Sams defendants assert that review is only for an abuse of discretion. The Whitener defendants agree that a dismissal under Rule 41(a)(2) is reviewed for abuse of discretion, but state that the court's interpretation of Rule 41(a) is subject to a de novo review. Cunningham believes that the district court committed an error of law subject to de novo review.

The central problem here is that the district court's order dismissing Cunningham's complaint with prejudice only generally mentions Rule 41(a)—it does not indicate under what subsection of the rule it was dismissing the action with prejudice. By entry of an order, it appears that the district court was proceeding under Rule 41(a)(2). Compare Fed.R.Civ.P. 41(a)(2) (providing for dismissal of action by order of the court) with Fed.R.Civ.P. 41(a)(1) (providing means for voluntary dismissal by the plaintiff). At the same time, the justification of the district court was that Cunningham was entitled to dismiss the action without an order of the court, but that such a dismissal was with prejudice—a clear statement of the "two-dismissal" rule provided for in Rule 41(a)(1) but not in Rule 41(a)(2). Compare Fed.R.Civ.P. 41(a)(1) with Fed.R.Civ.P. 41(a)(2).

We have held that a district court's interpretation of Rule 41(a) "and its resulting conclusion that the dismissal of [a state court] action by motion and order

6

of the court constituted a first dismissal under the two dismissal rule" is reviewed de novo. ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1267 (11th Cir. 1999); see also Matthews v. Gaither, 902 F.2d 877, 879 (11th Cir. 1990) ("Dismissal under Fed.R.Civ.P. Rule 41(a)(1) is a question of law subject to de novo review in this Court."). To the extent that dismissal was under Rule 41(a)(2), we review the "district court's decision on a Rule 41(a)(2) dismissal only for abuse of discretion." Negron v. City of Miami Beach, Fla., 113 F.3d 1563, 1571 (11th Cir. 1997). Although it is not entirely clear from the district court's order whether Rule 41(a)(1) or Rule 41(a)(2) was invoked, after considering the court's order on its face, we conclude that the district court committed an error of law, and consequently, abused its discretion by reading the "two-dismissal" rule found in Rule 41(a)(1) into its order, satisfying either standard of review.

Under Rule 41(a)(1), a plaintiff may dismiss a complaint, without order of the court "(i) by filing a notice of dismissal at any time before service by the adverse part of an answer or of a motion for summary judgment . . . or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1). Rule 41(a)(1) further provides that:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any

7

state an action based on or including the same claim.

Id.

In contrast, Fed.R.Civ.P. 41(a)(2) provides that, "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Id. Rule 41(a)(2), therefore, does not contain the same mandatory "two-dismissal" rule requiring that a second dismissal by order of the court operate as an adjudication on the merits and be treated as dismissed with prejudice.

As we have held:

> There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says, 'at the plaintiff's instance,' the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule.

ASX Inv. Corp., 183 F.3d at 1268. In ASX Inv. Corp., this Court noted that "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." Id. In contrast, "a dismissal obtained by motion and order of the court under Rule 41(a)(2) or similar state rule is not unilateral and does not

8

pose the same danger of abuse or harassment as does a Rule 41(a)(1) dismissal by plaintiff's notice." Id. (citations omitted).

We proceeded to state:

> It does not follow that there is no limit at all on the number of [Rule 41(a)(2)] dismissals. . . . While there is no precise digital answer, the mere repetition of such occurrence may, in and of itself, become so oppressively prejudicial as to require the sound conclusion that even once more is too much. This along with countless elements, traditionally called upon to underpin our concepts of reasonableness and fairness, goes into the process of sound discretion of the trial court, as 41(a)(2) says, 'as the court deems proper.'

Id. (citation omitted). Thus, abuse of the procedure may be sanctioned and the district court is free to set "such terms and conditions as the court deems proper." Id.

In the present case, it is undisputed that Cunningham previously filed a complaint and dismissed it voluntarily under Fed.R.Civ.P. 41(a)(1), and, accordingly, if he had attempted to voluntarily dismiss his second complaint under that rule, the dismissal would have been without a court order and would have operated as an "adjudication on the merits." The instant motion, however, (notwithstanding the Sams defendants assertion to the contrary)[2] was not filed

---

[2] The Sams defendants make much of the fact that the title of Cunningham's motion is a "notice of motion to dismiss without prejudice" and cite to Carter v. United States, 547 F.2d 258 (5th Cir. 1977) to argue that, because the defendants had not answered or filed for summary judgment, the district court should have treated the motion as a Rule 41(a)(1) notice of dismissal. First, we note that Cunningham was seeking to avoid having his state claims barred from consideration in state court, and that was the reason he specifically cited to Rule 41(a)(2) in his

9

under Rule 41(a)(1), but rather under Rule 41(a)(2), and, therefore, required an order of the court.

As the record reflects, the court did enter an order, but its reason for dismissing Cunningham's complaint with prejudice was that Cunningham, while permitted to dismiss the action without court order, was dismissing the action for a second time, requiring that the case be dismissed with prejudice. In ASX Inv. Corp., we reversed and remanded the district court's application of Rule 41(a)(1)'s "two-dismissal" rule because the court errantly considered a previous court-ordered dismissal as a qualifying predicate dismissal for application of the rule. ASX Inv. Corp., 183 F.3d at 1268-69. Similarly, here the district court appears to have either misconstrued Cunningham's motion as being a second Rule 41(a)(1) motion, triggering the application of the "two-dismissal" rule, or incorrectly read the "two-dismissal" rule into Rule 41(a)(2). Either one of these constitutes an error of law.

---

motion. In addition to Cunningham's fairly clear desire not to bar his state claims, which would have been considered adjudicated on the merits under Rule 41(a)(1), the Carter decision involved a pro se plaintiff who filed his first notice or motion seeking a dismissal without prejudice, and we refused to read an "unjustifiably technical" construction of a pro se document in reversing the district court's decision to adjudicate the case on the merits so that the plaintiff could have the case dismissed without prejudice—the relief he sought, even if unclearly articulated—under Rule 41(a)(1). Carter, 547 F.2d at 258-59, n.2. Here, Cunningham made clear what he sought to avoid, and we will not construe his motion in a manner inconsistent with his desires, especially since he is pro se. Cf. id. n.2 (stating that plaintiff's motion was sufficient to apprise the court of what was being sought).

Moreover, as the defendants contend, the district court has the discretion under Rule 41(a)(2) to dismiss Cunningham's case with prejudice. However, it cannot do so on the basis of Rule 41(a)(1)'s "two-dismissal" rule because it is inapplicable to Rule 41(a)(2).[3] Id. at 1268 ("Although dismissal under Rule 41(a)(2) is, as the rule says, 'at the plaintiff's instance,' the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule."); see generally Arce v. Garcia, 434 F.3d 1254, 1260 (11th Cir. 2006) ("A district court abuses its discretion when it misapplies the law in reaching its decision or bases its decision on findings of fact that are clearly erroneous.").

It is noted that the district court also had pending before it the defendants' various motions to dismiss Cunningham's complaint on a variety of grounds, but did not render any decision on those motions. The district court could have done a number of things in its discretion, including dismissing the case without prejudice and indicating to Cunningham that re-filing the federal claims (which he admitted were meritless) would result in sanctions, although the court clearly maintains the discretion to dismiss the case with prejudice if it finds just cause to do so. The

---

[3] It is worth noting that the court's error could have been occasioned by the defendants' combined insistence that Rule 41(a)(1) required that Cunningham's motion, despite being filed under Rule 41(a)(2), to be dismissed with prejudice. Notably, their appellate briefs spend more time arguing that the policy behind the "two-dismissal" rule supports the district court's decision, and less time arguing that the "two-dismissal" rule automatically applies.

11

various arguments of the defendants may have merit—Cunningham's complaint may be meritless, and he at least seems to understand it as such with regard to the federal claims, and his actions may be taken in bad faith—but that decision is one for the district court to make in the first instance when determining whether to dismiss the complaint with or without prejudice under Rule 41(a)(2).[4]

Thus, we conclude that the district court's order must be vacated and the case remanded to the district court to revisit its decision to dismiss the complaint with prejudice under Rule 41(a)(2), which it still may do as long as it is not on an impermissible ground, such as the inapplicable "two-dismissal" rule in Rule 41(a)(1).[5]

**VACATED AND REMANDED.**

---

[4] We note, although we have no way of knowing, that the a dismissal with prejudice might have the effect of barring Cunningham from filing any state law claims he thinks he has in state court under the doctrine of res judicata, as his state claims he raises derive from the same complaint as his federal claims. If this is the case, dismissal with prejudice might serve as a particularly harsh sanction. The district court, however, has full discretion to revisit its decision, including the potential prejudicial effect of whatever its ruling may be.

[5] The Sams's motion to strike exhibits in the back of Cunningham's brief is granted because they are irrelevant to the appeal. The Whitener's motion for costs of the appeal under Fed.R.App.P. is denied because the appeal is clearly not frivolous.