# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

No. 11-60326
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES L STRINGER,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CV-730

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Stringer appeals the denial of his application to the Commissioner of Social Security for disability benefits. Upon review of the Commissioner's final decision, the district court entered judgment in the Commissioner's favor. We AFFIRM the district court's judgment.

## BACKGROUND

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60326

Stringer filed his initial application for disability benefits, pursuant to 20 C.F.R. § 404.350(a). An applicant is eligible for such benefits, called "child's benefits," which the parties refer to as "disabled adult child's benefits," if several criteria are met. *Id.* § 404.350(a)(1)-(5). As relevant here, if the applicant is over 18, the applicant must "have a disability that began before [he] became 22 years old." *Id.* § 404.350(a)(5).

20 C.F.R. § 404.1520(a)(4) lays out the Social Security Administration's (SSA) "five-step sequential evaluation process" for determining whether an individual is disabled. The first three steps involve evaluating: (1) whether the claimant is engaging in work that constitutes substantial gainful activity; (2) the severity of the claimant's impairment; (3) and whether the impairment meets or equals an impairment listed impairment in Appendix 1, Subpart P of 20 C.F.R. § 404. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). Only if a claimant's impairment does not meet or equal a listed impairment does the SSA move on to steps four and five. *Id.* § 404.1520(e). Those steps involve evaluating: (4) whether the impairment prevents the claimant from returning to past relevant work; and (5) whether the claimant is able to perform other work. *Id.* § 404.1520(a)(4)(iv)-(v).

Stringer's application was rejected on the ground that his disability did not begin before April 1, 1985, the date on which Stringer turned 22 years old. Stringer was granted a hearing before an Administrative Law Judge (ALJ) on the issue. Subsequently, the ALJ issued a decision concluding that Stringer was not disabled before the age of 22. In support of that decision, the ALJ made several findings regarding Stringer's impairments and ability to work: (1) that prior to the age of 22, Stringer had engaged in work constituting substantial gainful activity in 1981, 1982, and 1985; (2) that Stringer suffered from some severe impairments prior to the age of 22: a learning disorder, conduct disorder, and depressive symptoms; (3) but that whether considered

2

No. 11-60326

individually or together, Stringer's impairments met or equaled the listed impairments; (3) that Stringer was able to perform semi-skilled work activity and physical activity at all levels of exertion prior to the age of 22; and (4) that Stringer was not prevented by his impairments from working at his past relevant work as a utility handler in manufacturing. Stringer subsequently submitted a request for review to the Appeals Council, which was denied.

Stringer then filed a petition for judicial review in district court.[1] Stringer filed a motion for summary judgment, and the Commissioner filed a motion to affirm the decision below. The district court referred these motions to a magistrate, who issued a report and recommendation. The magistrate's report recommended denying Stringer's motion, granting the Commissioner's, dismissing Stringer's complaint, and entering judgment in the Commissioner's favor. The district court adopted the magistrate judge's report and recommendation over Stringer's objections, and entered judgment in the Commissioner's favor. Stringer then submitted a motion to alter or amend the judgment, which was denied. Stringer timely appealed.

## STANDARD OF REVIEW

In an appeal from a decision by the Commissioner, "this court reviews the record under the same standard as the district court." *Dominigue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004). In Social Security disability cases, "appellate review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). "'Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial

---

[1] 42 U.S.C. § 405(g) permits claimants to obtain judicial review of final decisions by the Commissioner, issued after a hearing in which they took part.

No. 11-60326

evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner.'" *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

## ANALYSIS

Stringer raises eight arguments on appeal. He claims that: (1) the district court erred in allowing a magistrate judge to rule on his motion for summary judgment; (2) the district court erred in not addressing his 42 U.S.C. § 1983 claim; (3) if Stringer was found disabled for the purposes of receiving Supplemental Security Income (SSI) benefits, then he should also have been found to be disabled for the purposes of receiving child's benefits; (4) the ALJ erred in failing to find that the onset of his bipolar disease or manic depression occurred before he turned 22; (5) the district court erred by not ruling on his motions to correct the record and transcript as well as to supplement the record; (6) the district court erred in dismissing Stringer's complaint with prejudice; (7) the magistrate judge should have recused herself from Stringer's case; and (8) the district court judge should have recused himself from Stringer's case. We address each argument in turn.

### A.

First, Stringer argues that the district court erred in allowing a magistrate judge to decide his motion for summary judgment. But the magistrate judge did not decide the motion. Rather, she prepared a report and recommendation, which the district court adopted in its decision to deny Stringer's motion. The magistrate judge and district court judge proceeded in accordance with 28 U.S.C. § 636(b)(3), which "allows a district judge to delegate discrete tasks to a magistrate judge, but retain the last word through deciding whether to accept the resulting magistrate judge's report

No. 11-60326

and recommendation." *United States v. Underwood*, 597 F.3d 661, 669 (5th Cir. 2010). Stringer had the opportunity to submit objections to the magistrate judge's report, which he did. The district court considered those objections and rejected them. Accordingly, Stringer's argument that the district court should not have permitted the magistrate judge to decide his motion for summary judgment is unavailing.

B.

Second, Stringer contends that the district court erred by not addressing his 42 U.S.C. § 1983 claim. Stringer argues that he has suffered a violation of his civil rights, and offers in support a claim that he can produce a witness who has "not work[ed] as much as" Stringer and yet received Social Security benefits. We find this argument to be unpersuasive. In his appellate brief, Stringer cites no evidence regarding this witness, or any relevant authority supporting his argument. *See* Fed. R. App. P. 28(a)(9)(A) (appellate briefs must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Rui Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011) ("While we 'liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28.'" (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted)).[2]

C.

---

[2] Stringer also claims for the first time on appeal that employees of the Social Security Administration hindered him in applying for benefits because they knew that he had previously been incarcerated. However, "arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009). Moreover, Stringer cites no evidentiary support for his claim.

No. 11-60326

Third, Stringer claims that, because he was found disabled for the purposes of receiving SSI benefits in October 1997, he should also have been found disabled for the purposes of receiving disabled adult child's benefits. However, the relevant date for determining whether a claimant is disabled, and thus eligible to receive SSI benefits, is the filing date of his application. *See* Social Security Ruling 83-20, 1983 WL 31249, at *7 (explaining that for successful SSI benefits claimants, "[o]nset will be established as of the date of filing provided the individual was disabled on that date").[3] Accordingly, a finding that Stringer was disabled in October 1997 does not indicate that he was disabled before April 1, 1985, the date on which he turned 22.

D.

Stringer's fourth argument is that the ALJ erred in finding that his bipolar disorder/manic depression did not onset before he turned 22. Because the ALJ found that, before the age of 22, Stringer had severe impairments consisting of a learning disorder, conduct disorder, and depressive symptoms, Stringer contends that the ALJ should also have concluded that these were symptoms of bipolar disorder. However, Stringer cites no evidence or authority for this assertion. Moreover, as Stringer himself admits, although he turned 22 in 1985, he was not diagnosed with bipolar disorder until 1997.

Even if Stringer had bipolar disorder before the age of 22, he has not shown that the ALJ should thus have concluded that he was disabled. The ALJ's finding that Stringer performed work before the age of 22 that constituted substantial gainful activity was sufficient to conclude that he was not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i) ("If . . . the work you are doing is substantial gainful activity, we will find that you are not disabled . . . .").

---

[3] There are certain limited instances in which the Commissioner may look before the date of filing: applications involving "certain aliens" or applications "where duration is at issue." *See id.* at *8. Stringer does not contend that either of these instances applies here.

No. 11-60326

Stringer asserts that prior to the age of 22, he was not able to obtain promotions at work and was twice fired from his job. But this does not mean that he was not able to engage in substantial gainful activity. The record shows that Stringer obtained his general equivalency diploma (GED) by the age of 19. Additionally, Stringer testified before the ALJ that between the ages of 18 and 21, he worked at a plastics company two times: the first time he worked there for approximately a year and a half, and the second time he worked there for approximately a year. Nor does Stringer dispute the ALJ's finding that his earnings records for 1981, 1982, and 1985 were "at or above the substantial gainful activity level." Thus, there is substantial evidence supporting the ALJ's conclusion that Stringer engaged in substantial gainful activity before the age of 22.

### E.

Fifth, Stringer argues that the district court erred by not ruling on his motions to correct the sealed court transcript, correct sealed court records, and to supplement court records. But, as shown on the docket sheet, the magistrate judge did rule on Stringer's motions, as she was permitted to do. *See* 28 U.S.C. § 636(b)(1)(A) (stating that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions that are inapplicable here). Stringer also alleges that the magistrate judge altered the docket sheet to make it appear that she ruled on his motions before the district court adopted her report and recommendation. Stringer cites no evidence to support this allegation, and we find it to be without merit. Stringer also argues that because the Commissioner never filed a response to these motions, the records should not be taken as true and correct; he cites no authority for this proposition.[4]

---

[4] Stringer appears to dispute the merits of the rulings on his motions in his reply brief. Insofar as he has raised such an argument, "[w]e need not address [it], as it is raised for the

No. 11-60326

F.

Stringer's sixth argument is that the district court erred in dismissing his case with prejudice, instead of without prejudice. Stringer cites *Thomas v. Phillips*, 83 F. App'x 661 (5th Cir. 2003) (unpublished), but that case is inapposite. The plaintiff in *Thomas* filed a voluntary petition for dismissal under Federal Rule of Civil Procedure 41, and the defendant had not filed an answer to the plaintiff's complaint. *Id.* at 661-62. Rule 41 is not at issue in this case; thus, the district court did not err in dismissing Stringer's complaint with prejudice.

G.

Seventh, Stringer claims that the magistrate judge should have recused herself from the instant case because she is a former United States Attorney and such attorneys are currently representing the Commissioner. Relatedly, he also refers to and critiques her past employment as a district attorney. While a judge should recuse herself if "[s]he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy," 28 U.S.C. § 455(b)(3), that is not the case here. There is no evidence that the magistrate judge has done any of the above. Therefore, Stringer's claim that the magistrate judge should have recused herself from his case lacks merit.

H.

Finally, Stringer contends that the district court judge should have recused himself from Stringer's case as well. In support of this argument, Stringer claims that the district judge "dressed as a woman" so he could pose as a clerk of the court in order to "sabotage" Stringer's case; was biased

---

first time in a reply brief." *Medina Cnty Env'tl Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 702 (5th Cir. 2010).

8

because he agreed with the recommendation of the magistrate judge; and has used his positions as a judge and as a district attorney for "personal [and] financial gain." And, as with the magistrate judge, Stringer critiques the district court judge's past employment as a district attorney. Stringer cites no evidence to support his allegations. Thus, he has not shown that the district court judge should have recused himself from the instant case. *See* 28 U.S.C. § 455(a)-(b) (listing circumstances under which judges should recuse themselves from proceedings).

## CONCLUSION

For the above reasons, we AFFIRM the district court's judgment.