# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40563
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2016

Lyle W. Cayce
Clerk

JOHN MARGETIS; ALAN E. BARON,

Plaintiffs - Appellants

v.

HONORABLE WILLIAM ROYAL FURGESON, JR.; HONORABLE STACEY
G.C. JERNIGAN; JOHN BARRON,

Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-753

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

The district court awarded attorneys' fees to Defendants–Appellees as a
sanction against Plaintiffs–Appellants John Margetis and Alan Baron under
Federal Rule of Civil Procedure 11. On appeal, Margetis and Baron argue that
the award cannot stand because Defendants–Appellees failed to comply with
the "safe harbor" provision of Rule 11(c)(2). Because the district court did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

abuse its discretion in its treatment of that issue, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Proceeding pro se, John Margetis and Alan Baron (together, Plaintiffs) filed the instant suit on December 4, 2012, naming as defendants a United States district court judge, a United States magistrate judge, two employees of the United States Marshals Service, and twenty unidentified individuals (collectively, Defendants). Plaintiffs alleged that Defendants individually and in conspiracy with one another defamed Plaintiffs, intentionally inflicted emotional distress upon them, and deprived them of their constitutional rights. After receiving notice of the suit, Defendants' counsel told Margetis that Plaintiffs' suit was barred because Defendants were protected by immunity and that Defendants would seek sanctions if Plaintiffs proceeded with their suit.[1]

Defendants moved to dismiss Plaintiffs' complaint, asserting that the district court lacked jurisdiction over certain of Plaintiffs' claims, that Plaintiffs failed to state a claim for relief, and that Defendants were immune from suit. On September 13, 2013, a magistrate judge issued a report recommending dismissal of all of Plaintiffs' claims with prejudice. The magistrate judge also recommended that a show-cause hearing be held to determine whether sanctions should "be imposed [against Plaintiffs] for filing an unjustified, vitreous and frivolous lawsuit." The magistrate judge's report notified the parties that "[w]ithin fourteen (14) days after service . . . any party may serve and file written objections to . . . [his] recommendation" and that a party's "[f]ailure to file written objections" would bar that party "from *de novo*

---

[1] Plaintiffs had previously sued Defendants a few months prior, and Defendants' counsel had then told Plaintiffs that Defendants were immune from suit and warned that, should Plaintiffs file another suit against Defendants, Defendants would seek sanctions.

review by the district court . . . and from appellate review . . . except on grounds of plain error or manifest injustice."

On September 18, 2013, Defendants served on Plaintiffs (but did not file) a copy of a motion for sanctions challenging Plaintiffs' complaint, stating that the motion would "not be filed or presented to the [District] Court for consideration until the 21-day waiting period prescribed by [Federal Rule of Civil Procedure] 11(c)(2) has passed."[2]  Plaintiffs did not voluntarily dismiss their complaint (or otherwise attempt to correct it) within the 21-day period after service.  Instead, on September 30, Plaintiffs timely objected to the magistrate judge's report and recommendation, reaffirming their position that their complaint was meritorious.[3]  On October 18, Defendants filed their motion for sanctions, requesting, among other things, an order holding Plaintiffs "jointly and severally liable for the full amount of [Plaintiffs'] attorney's fees in this case" under Rule 11.  Plaintiffs filed a response to that motion on November 15 and a sur-reply on December 2.

On January 10, 2014, the district court, after "ma[king] a *de novo* review of the objections raised by Plaintiffs," adopted the magistrate judge's recommendation and granted Defendants' motion to dismiss all of Plaintiffs' claims with prejudice.  That same day, the district court set Defendants' motion for sanctions for hearing on February 11.  After granting Plaintiffs two

---

[2] The "safe harbor" provision of Rule 11(c)(2) provides that a motion for sanctions "must be served under Rule 5 [which provides the rules for service of pleadings], but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service" of the motion for sanctions.

[3] Under the district court's local rules, Plaintiffs, as pro se litigants, were exempt from electronic filing and service requirements.  *See* E.D. Tex. Civ. R. 5(a)(1)(B).  Thus, Plaintiffs were served with the magistrate's report and recommendation by mail, which added three days to the 14-day time period for objecting specified in the magistrate judge's report and recommendation.  *See* Fed. R. Civ. P. 5(b)(2)(C), 6(d).

continuances, the district court held a hearing on Defendants' motion for sanctions on March 21. The hearing lasted more than five hours.

On May 19, 2014, Plaintiffs filed "supplemental objections" to Defendants' motion for sanctions, arguing (for the first time) that Defendants violated the "safe harbor" provision of Rule 11(c)(2) by serving their motion for sanctions after their motion to dismiss was "filed and litigated." The district court subsequently granted Defendants' motion for sanctions, finding (among other things) that Plaintiffs violated Rule 11 by "filing a complaint with an improper purpose and without any evidentiary or legal basis" and that monetary sanctions were necessary to deter Plaintiffs "from continuing to pursue these allegations." With regard to Plaintiffs' "safe harbor" argument, the district court noted that "Plaintiffs failed to raise this argument during the ample time in which they had to respond to the motion for sanctions and at the hearing on March 21, 2014," but nonetheless considered and rejected Plaintiffs' argument on the merits.[4] According to the district court, Defendants complied with Rule 11(c)(2) by filing their motion to dismiss 30 days after serving it, and during that time, "Plaintiffs continued to pursue their claims by filing an objection to the [magistrate judge's report and recommendation] rather than withdrawing any of their claims." Defendants subsequently filed a fee application, which the district court granted, awarding Defendants $25,000 in fees. Plaintiffs timely appealed, raising only the narrow issue of whether Defendants complied with the "safe harbor" provision of Rule 11(c)(2).

---

[4] On appeal, Defendants argue that Plaintiffs forfeited their "safe harbor" argument by not raising it until after the district court heard Defendants' motion for sanctions. Because we find that the district court did not abuse its discretion in rejecting Plaintiffs' claims on the merits, "we do not need to address the [forfeiture] issue." *Risher v. Aldridge*, 889 F.2d 592, 596 (5th Cir. 1989).

## II. STANDARD OF REVIEW

We "apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc). We apply the "necessarily very deferential" abuse of discretion standard to a district court's determination under Rule 11 for two reasons. *Whitehead*, 332 F.3d at 802. First, the district court "is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." *Id.* (emphasis omitted) (quoting *Lulirama Ltd. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997)). Second, the district court "is independently responsible for maintaining the integrity of judicial proceedings in [its] court and, concomitantly, must be accorded the necessary authority" to deter conduct that undermines those proceedings. *Id.* at 803.

## III.  NO ABUSE OF DISCRETION

Plaintiffs argue that Defendants' motion for sanctions under Rule 11 should have been denied because it was served and filed after Defendants' motion to dismiss had been litigated and after the magistrate judge had issued his report recommending that all of Plaintiffs' claims be dismissed with prejudice. According to Plaintiffs, after receiving the magistrate judge's report and recommendation, dismissal "was but a perfunctory task for the district court." Thus, Plaintiffs argue, they were deprived of "any meaningful opportunity . . . to withdraw or correct their Complaint," in contravention of the "safe harbor" provision of Rule 11(c)(2).

Rule 11(c)(2) requires that a party serve a motion for sanctions on the opposing party at least 21 days before it is filed with the district court. *See* Fed. R. Civ. P. 11(c)(2); *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). If, and only if, "the challenged paper, claim, defense, contention, or

denial" is not "withdrawn or appropriately corrected" within the 21-day period may the motion then "be filed or . . . presented to the court."  Fed. R. Civ. P. 11(c)(2).  Thus, Rule 11(c)(2) creates a period of "safe harbor" whereby parties can avoid sanctions by withdrawing or correcting the challenged document or position after receiving the motion for sanctions.  *See Elliott*, 64 F.3d at 216.  Because this period of "safe harbor" is dependent on the ability to withdraw or correct the challenged document or contention, it follows that "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."  Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment; *see also Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (holding sanctions properly denied where Rule 11 motion filed after trial's conclusion).[5]  At that point, there is nothing left for the opposing party to withdraw or correct, and the "policies and procedural protections" provided by Rule 11(c)(2) cannot be given effect.  5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1337.2 (3d ed. 2016).

Here, Defendants served their motion for sanctions challenging Plaintiffs' complaint on September 18, 2013, and filed it on October 18, 2013—more than 21 days later.  Although the magistrate judge recommended dismissal of Plaintiffs' complaint five days before Defendants served their motion for sanctions, the district court did not adopt that recommendation

---

[5] Other than setting this outer limit on the timeliness of service, Rule 11 does not specify when a motion for sanctions must be brought.  The drafters of Rule 11 left that question for "resolution on a case-by-case basis, considering the particular circumstances involved."  Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment.  Plaintiffs do not argue on appeal (and did not argue in the district court) that Defendants' motion for sanctions was untimely under the particular circumstances of the case, but instead argue only that Defendants' motion for sanctions violated the outer limit of timeliness set by Rule 11(c)(2).  Thus, Plaintiffs waived any argument that Defendants' motion for sanctions was otherwise untimely under the particular circumstances of the case.  *See* Fed. R. App. P. 28(a)(8)(A); *see also Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (per curiam) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." (citation omitted)).

until January 10, 2014—several months later.  Thus, Plaintiffs could have voluntarily dismissed their complaint at any point during 30-day period between service and filing of Defendants' motion for sanctions.  Fed. R. Civ. P. 41(a)(1)(A)(i); *see also Thomas v. Phillips*, 83 F. App'x 661, 661–62 (5th Cir. 2003) (finding that plaintiff still "had an absolute right to have his suit dismissed" under Rule 41(a)(1), despite magistrate judge's prior recommendation that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief could be granted).  Indeed, Plaintiffs' objection to the magistrate judge's report and recommendation ensured that it remained just that—a recommendation—which the district court was free to "accept, reject, or modify" after *de novo* review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989) (per curiam) (recognizing that *de novo* review requires an independent "determination based upon the record . . . unrestrained by the findings and conclusion of the magistrate").  Given that Plaintiffs could have formally or informally disavowed their claims during the 21-day period after Defendants served their motion, but instead elected to continue pursuing their claims, the district court did not abuse its discretion in rejecting Plaintiffs' "safe harbor" argument.  *See Elliott*, 64 F.3d at 216 (recognizing that purpose of Rule 11(c)(2) is to provide "an opportunity to withdraw or correct the offending contention").

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.