**D. C. ELECTRONICS, INC.,**
**Plaintiff-Appellant,**

v.

**NARTRON CORP. and Norma**
**Rautiola, Defendants-Appellees.**

No. 74–1554.

United States Court of Appeals,
Sixth Circuit.

Feb. 21, 1975.

Henry W. Gleiss, Globensky, Gleiss, Henderson & Bittner, St. Joseph, Mich., Grant J. Gruel, Grand Rapids, Mich., Howard A. Tullman, Levy & Erens, Roger L. Price, Jay Erens, Chicago, Ill., for plaintiff-appellant.

Thomas H. Truitt, Truitt & Fabrikant, David R. Berz, Washington, D. C., Charles S. Fax, for defendants-appellees.

Before WEICK, EDWARDS and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The sole issue presented by the parties to this appeal is whether a district judge can, in the exercise of his discretion, invalidate a notice of dismissal filed by the plaintiff under Rule 41(a)(1)(i), Federal Rules of Civil Procedure, prior to service "by the adverse party of an answer or of a motion for summary judgment . . . ."

The factual background underlying this case and the issues raised in this appeal date from October 25, 1973, when plaintiff-appellant, D. C. Electronics, and another corporation (Meridian Industries, Inc.) filed an antitrust action against defendants-appellees, Nartron Corporation and Norman Rautiola, its president, alleging violations of Sections 1 and 2 of the Sherman Antitrust Act and Section 7 of the Clayton Antitrust Act. Plaintiffs sought and were granted a temporary restraining order, and a hearing was scheduled on plaintiffs' request for a preliminary injunction. At the scheduled hearing, Meridian dismissed its action against Nartron with prejudice, D. C. Electronics withdrew its request for a preliminary injunction, and the district court dissolved the temporary restraining order.

On November 16, 1973, appellant and appellees entered into a written stipulation extending the date for appellees to answer or otherwise plead to January 10, 1974. Approximately two months later, on January 7, 1974, appellant filed a "Motion to Dismiss and Notice of Motion" pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure. On January 8, 1974, appellant abandoned its "Motion to Dismiss" and filed, in lieu of said motion, a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P. It is undisputed that at the time the notice of dismissal was filed, appellees had not served an answer or a motion for summary judgment. Subsequently, on January 9, 1974, appellees served and filed an answer to the complaint, affirmative defenses and a counterclaim.

Appellees challenged the voluntary dismissal, and after a hearing the district court held that the notice of voluntary dismissal was ineffective because the case had progressed too far to allow dismissal, and ordered the notice of voluntary dismissal vacated. Appellant perfected the present appeal from that order.

Rule 41(a) of the Federal Rules of Civil Procedure provides as follows:

"(a) Voluntary Dismissal: Effect Thereof.

"(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, *an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment*, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." (Emphasis supplied.)

■ Thus Rule 41(a) provides three distinct and separate methods whereby an action may be voluntarily dismissed. Significantly, while Rule 41(a)(2) contemplates the exercise of judicial discretion and the issuance of a court order in response to a motion by plaintiff, and Rule 41(a)(1)(ii) permits dismissal by the filing of a stipulation agreed to by all the parties who have appeared in the action, Rule 41(a)(1)(i), the rule pursuant to which appellant proceeded, provides for dismissal of an action upon the unilateral filing of a notice of dismissal with the Clerk of Court and without the necessity of further agreement by any other party or further order of the court. Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885, 888 (7th Cir. 1972); Miller v. Reddin, 422 F.2d 1264, 1266 (9th Cir. 1970); Hyde Construction Co. v. Koehring Co., 388 F.2d 501, 507 (10th Cir.), cert. denied, 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419 (1968); American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

Appellees argue that since the purpose of Rule 41(a)(1)(i) "is to facilitate the voluntary dismissal of an action, but safeguard abuse of the right by limiting

its application to an early stage of the proceedings," Engelhardt v. Bell & Howell Co., 299 F.2d 480, 482 (8th Cir. 1962), courts are vested with the discretion to determine whether a particular case has progressed to a point at which voluntary dismissal is no longer proper, even though an answer or motion for summary judgment has yet to be filed. We do not agree.

Prior to the adoption of the Federal Rules, the plaintiff's right to voluntary dismissal in actions at law in the federal forum was, by virtue of the Conformity Act of 1872,[1] controlled by state statutes. "In some states [plaintiff could dismiss] until issue had been joined, in other until the trial began, in still other until the case was submitted to the jury, and in some until the verdict was returned." 9 Wright & Miller, Federal Practice and Procedure, Civil § 2363, at 151 (1971). The right to dismiss an equitable action was a matter of federal practice subject to a number of qualifications, the most important of which was the requirement that permission of the court be secured in order that defendant's rights be protected. 5 J. Moore, Federal Practice, ¶ 41.02 [3] (2d ed. 1974). Rule 41(a)(1), as originally conceived, further limited plaintiff's once absolute right of dismissal[2] to the period before defendant filed an answer, and brought needed standardization to federal practice. Subsequent practical experience with the new rule prompted a 1948 amendment to the effect that a motion for summary judgment would also cut off the right of notice dismissal. Although Rule 41 has been amended three times since 1948, it has not been broadened to include other motions or pleadings which would bar a dismissal by notice.

■ Courts and commentators alike have apprehended that the purpose of the rule is to limit the right of dismissal

---

**1.** Act of June 1, 1872, c. 225, § 5, 17 Stat. 197, Rev.Stat. § 914, repealed by Act June 25, 1948, c. 646, § 39, 62 Stat. 992.

At common law plaintiff's right to dismiss his action without prejudice was absolute at any time before judgment. Ex parte Skinner

v. Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912 (1924).

**2.** Ex parte Skinner v. Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912 (1924); Barrett v. Virginian Ry., 250 U.S. 473, 30 S.Ct. 540, 63 L.Ed. 1092 (1919); see note 1, supra.

to an early stage of the proceedings. Engelhardt v. Bell & Howell Co., *supra;* Littman v. Bache & Co., 252 F.2d 479, 480 (2d Cir. 1958); Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1, 6 (E.D.N.Y. 1971); 5 J. Moore, Federal Practice, ¶ 41.02 [1], at 1019 (2d ed. 1974); 9 Wright & Miller, Federal Practice and Procedure, Civil § 2363, at 151 (1971). The drafters of Rule 41(a)(1)(i), however, did not attempt to effectuate their purpose by phrasing the rule in vague terms or, as in Rules 41(a)(1)(ii) and 41(a)(2), by calling for judicial involvement or the exercise of judicial discretion. Undoubtedly conscious of the incalculable paths which litigation may follow, the drafters employed precise language to define an "early stage" of a proceeding.

Despite the clear and unambiguous language of the rule, however, "several courts have dealt with the question of whether the advanced nature of the proceedings should operate, ipso facto, to bar a plaintiff's right to dismiss voluntarily." Sheldon v. Amperex Electronic Corp., 52 F.R.D. at 6. Harvey Aluminum Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), is the case most often cited for the proposition that a federal court has discretion to determine the propriety of a notice of dismissal. In *Harvey,* a notice of dismissal was filed after the merits of the controversy had been joined at an extensive hearing on a request for a preliminary injunction. At the conclusion of the hearing the district court had denied the motion for a preliminary injunction on the grounds "that the plaintiffs' chances of success on the ultimate trial were 'remote, if not completely nil.'" 203 F.2d at 107. The Second Circuit, noting the amount of research and preparation by defendants, and mindful of the fact that the merits had been raised at the preliminary hearing, rejected literal application of the rule.[3] "Conse-

quently, although the voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a)1 to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." 203 F.2d at 108. The appellate court ordered the notice of dismissal vacated.

*Harvey,* though not specifically rejected, was limited to its particular factual setting by the Second Circuit in Littman v. Bache & Co., *supra.* In *Littman,* the plaintiff filed a notice of dismissal after defendant's motion to transfer was granted but before defendant filed an answer or motion for summary judgment. Distinguishing *Harvey* on the basis of whether the issue had been joined, the Second Circuit reversed an order vacating the notice of dismissal. The court said:

"The merits of the controversy were never before the court. To be sure, both parties were familiar with the subject matter of the litigation, but this was clearly insufficient to deprive plaintiff of his right to a voluntary dismissal." 252 F.2d at 481.

Thus the *Harvey* rationale is without validity where the merits of the controversy have not been raised before the filing of an answer or motion for summary judgment. As a practical matter, according to Professors Wright and Miller, "most cases have refused to [find that the merits have been considered] and have reached the result the language of the rule seems to require."[4] 9 Wright & Miller, *supra* at 157–158.

 In the instant case we note that the merits of the controversy were not before the court in their entirety due to the fact that appellant aborted the preliminary hearing after a short period of time, and the court did not rule on

---

**3.** Prior to the *Harvey* decision, the Second Circuit was committed to a literal reading of Rule 41(a)(1)(i). Kilpatrick v. Texas & P. Ry., 72 F.Supp. 632 (S.D.N.Y.1947), rev'd, 166 F.2d 788 (2d Cir. 1948).

**4.** *See* Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1, 6 (E.D.N.Y.1971).

the motion for preliminary injunction. Thus even if *Harvey* were still good law, it would not apply to the facts before us. However, the far more persuasive argument presented by appellant, and the basis for our decision here, is that Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a *motion for summary judgment* has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i). The notice of dismissal filed with the clerk

> ". . . itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing." American Cyanamid Co. v. McGhee, 317 F.2d at 297.

Appellees urge that such a position leaves a defendant defenseless against the whim and caprice of the plaintiff. Not so. The defendant can protect himself by merely filing an answer or motion for summary judgment. Furthermore, built into Rule 41(a) is the overall provision that the plaintiff can but once voluntarily dismiss without prejudice.[5] Thus, plaintiff's ability to harass defendant by the filing and dismissing of successive actions involving the same claim or claims is limited and can be cut off completely by the diligence required in the filing of an answer or motion for summary judgment.

Finally, we observe that commentators have urged for some time that all voluntary dismissals should be discretionary with the court.[6] Despite this urging,

Rule 41(a)(1)(i) has remained virtually unchanged (through a number of amendments to other parts of Rule 41) since 1938. If subsequent practical experience should prove that the rule is unfair as presently constituted, the power of change rests with the rule making body, not the courts.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

---

5. American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963).

6. 1962 Duke L.J. 285 (1962); 63 Yale L.J. 738 (1954); 5 J. Moore, Federal Practice ¶ 41.02 [3], at 1031 (2d ed. 1974).