RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0067p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

WELLFOUNT, CORPORATION,

        *Plaintiff-Appellee*,

    *v.*

HENNIS CARE CENTRE OF BOLIVAR, INC.; MEGCO MANAGEMENT, INC.; HENNIS CARE CENTRE OF DOVER, INC.,

        *Defendants-Appellants*.

No. 19-3777

─────────────

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:19-cv-01473—Sara E. Lioi, District Judge.

Decided and Filed: March 3, 2020

Before: GIBBONS, McKEAGUE, and WHITE, Circuit Judges.

─────────────

**COUNSEL**

**ON BRIEF:** Joseph F. Petros III, ROLF GOFFMAN MARTIN LANG LLP, Cleveland, Ohio, for Appellants. Lynn Rowe Larsen, Matthew B. Barbara, TAFT STETTINIUS & HOLLISTER, Cleveland, Ohio, for Appellee.

─────────────

**OPINION**

─────────────

JULIA SMITH GIBBONS, Circuit Judge. Hennis Care Centre of Bolivar, Inc., MEGCO Management, Inc., and Hennis Care Centre of Dover, Inc. (collectively, "Hennis") appeal the district court's dismissal of Wellfount Corporation's action. Wellfount filed its complaint in district court after first withdrawing an earlier suit involving the same claims in Indiana state

court. Upon hearing from Hennis that the new complaint was likely filed in the wrong forum, Wellfount moved the district court for an order dismissing its action pursuant to Federal Rule of Civil Procedure 41(a)(2). Hennis, which had yet to file an answer, responded with its own motion asking the court to convert Wellfount's motion into a notice of dismissal under Rule 41(a)(1). The district court denied Hennis's motion and granted Wellfount's motion. On appeal, Hennis argues that, because Wellfount was eligible to file a self-effectuating notice of dismissal under Rule 41(a)(1) and had previously withdrawn an action based on the same claims, the court was without discretion to dismiss Wellfount's action under Rule 41(a)(2). We disagree and affirm.

I.

Wellfount is an institutional pharmacy with its principal place of business in Indiana. Wellfount contracted to provide pharmaceutical services to nursing homes operated by Hennis in Bolivar and Dover, both towns in Ohio. When the relationship soured, Wellfount filed suit against Hennis in Indiana state court, asserting claims for breach of contract, account stated, and unjust enrichment. Before Hennis could file a responsive pleading, however, Wellfount voluntarily dismissed its suit when Hennis questioned whether Indiana was a proper venue. The dismissal was without prejudice.

Wellfount refiled its complaint in the United States District Court for the Northern District of Ohio. Again, counsel for Hennis contacted Wellfount and asserted that, based on a forum selection clause in the parties' contract, Wellfount had filed suit in an improper venue. In response, and before Hennis had filed an answer or motion for summary judgment, Wellfount filed a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). Wellfount informed Hennis that it planned to refile in the Tuscarawas County Court of Common Pleas.

After Wellfount filed its motion, Hennis moved the district court to convert Wellfount's motion into a self-effectuating notice of dismissal under Rule 41(a)(1). Hennis argued that no court order was necessary for Wellfount to dismiss its case because Hennis had yet to serve an answer or motion for summary judgment. Wellfount opposed Hennis's motion, emphasizing that

it had deliberately chosen to seek a court-ordered dismissal under Rule 41(a)(2) so as to avoid the claim-preclusive effect of Rule 41(a)(1)(B). No binding authority, Wellfount argued, precluded it from moving pursuant to Rule 41(a)(2).

In a well-reasoned opinion, the district court granted Wellfount's motion and denied Hennis's motion, dismissing the case without prejudice. The court explained that neither the text of Rule 41(a) nor the purpose of the two-dismissal clause in Rule 41(a)(1)(B) supported the defendants' view that a plaintiff is barred from seeking a court-ordered Rule 41(a)(2) dismissal if it is eligible to file a notice of dismissal under Rule 41(a)(1). Hennis timely appealed.

## II.

Hennis argues that the district court was, as a matter of law, required to construe Wellfount's proffered Rule 41(a)(2) motion for voluntary dismissal as a notice of dismissal under Rule 41(a)(1).[1] Rule 41 provides two main mechanisms by which a plaintiff may voluntarily dismiss its case. First, if an opposing party has yet to "serve[] either an answer or a motion for summary judgment," a plaintiff "may dismiss an action without a court order by filing a notice of dismissal." Fed. R. Civ. P. 41(a)(1)(A). Second, if an opposing party has served an answer or a motion for summary judgment, then "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Although a notice of dismissal under Rule 41(a)(1) is self-effectuating and never subject to review, *D.C. Elecs., Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975), it "operates as an adjudication on the merits" if the plaintiff "previously dismissed any . . . action based on or including the same claim," Fed. R. Civ. P. 41(a)(1)(B). A court-ordered dismissal pursuant to Rule 41(a)(2), by contrast, is without prejudice "[u]nless the order states otherwise."

Here, in turn, the nature of Wellfount's voluntary dismissal dictates whether it may bring a future action involving the same claims. If the voluntary dismissal was properly entered by court order, then it is "without prejudice," and Wellfount may refile its claims. Fed. R. Civ. P. 41(a)(2); *see also Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir.

---

[1]We review the district court's interpretation of the Federal Rules of Civil Procedure *de novo*. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 510 (6th Cir. 2001).

1987), *cert. denied*, 485 U.S. 961 (1988) ("[The two-dismissal rule] does not apply to a . . . dismissal by court order under Rule 41(a)(2)" (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2368 (3d ed. 1971))).  But if the district court was required to construe Wellfount's motion as a notice of dismissal under Rule 41(a)(1), then the dismissal "operates as an adjudication on the merits," and Wellfount is barred from refiling.  Fed. R. Civ. P. 41(a)(1)(B).  Hennis argues that, no matter the label, a district court must construe any request for voluntary dismissal as a notice of dismissal if the defendant has yet to serve an answer or motion for summary judgment.  To hold otherwise, Hennis maintains, would nullify the two-dismissal rule because no plaintiff would file a notice of dismissal under Rule 41(a)(1) if she had previously withdrawn the same claims.

We have never decided whether a plaintiff may move for a Rule 41(a)(2) dismissal when it both (1) is eligible to file a self-effectuating notice of dismissal under Rule 41(a)(1) and (2) has previously withdrawn an action including the same claims.[2]  Only the Eleventh Circuit has directly addressed the issue, finding that a plaintiff always retains the option of seeking a court-ordered dismissal under Rule 41(a)(2).  *Cunningham v. Whitener*, 182 F. App'x 966, 969–71 (11th Cir. 2006) (per curiam); *see also ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) (holding that "a dismissal by motion and court order" in an earlier action "does not implicate the Rule 41(a)(1) two dismissal rule").  Several other circuits have strongly suggested the same, albeit in slightly different procedural postures.  *See Sutton Place*, 826 F.2d at 639–41 (holding in the plaintiff's third action that a court-ordered voluntary dismissal in its second action did not trigger the two-dismissal rule); *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) (observing in the plaintiff's third action that it could have avoided the two-dismissal rule by moving to dismiss its second action under Rule

---

[2]Hennis suggests that we settled the issue in *Aamot v. Kassel*, 1 F.3d 441 (6th Cir. 1993).  We did not.  The issue in *Aamot* was whether a district court ever has discretion to strike a plaintiff's timely Rule 41(a)(1) notice of voluntary dismissal.  1 F.3d at 443–45.  We held that, if the conditions described in Rule 41(a)(1) are satisfied, a district court may not interfere with a plaintiff's choice to voluntarily withdraw its claims under Rule 41(a)(1).  *Id.* at 444–45.  *Aamot* did not involve a Rule 41(a)(2) motion for voluntary dismissal and does not stand for the proposition that, if a plaintiff waives its right under Rule 41(a)(1) and decides to move for a dismissal pursuant to Rule 41(a)(2), the district court likewise lacks discretion to deny the plaintiff's motion and must treat it as a Rule 41(a)(1) notice of dismissal.  The case was, by its terms, limited to defining a plaintiff's right to unilaterally withdraw its claims under Rule 41(a)(1), and neither its holding nor reasoning resolve this case.

41(a)(2)); *Gioia v. Blue Cross Hosp. Serv., Inc. of Mo.*, 641 F.2d 540, 543–44 (8th Cir. 1981) (same); *see also Manning v. S.C. Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 47 n.3 (4th Cir. 1990) ("The two dismissal rule applies when the second dismissal is by notice[] but not . . . by motion or by stipulation.").

We agree with our sister circuits that a plaintiff may seek a court-ordered dismissal at any point after filing its complaint. Both the text and purpose of Rule 41(a) support this view. With respect to the text of Rule 41, no provision mandates that a plaintiff forgo the use of Rule 41(a)(2) if she is eligible to file a notice of dismissal under Rule 41(a)(1). To the contrary, Rule 41(a)(1) states that, if she is otherwise eligible, a plaintiff "*may* dismiss an action without a court order." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). It does not *require* as much. Similarly, although Rule 41(a)(2) details when a plaintiff *must* seek a court order to dismiss its action, it imposes no limitation on when a plaintiff may choose to request the same. If anything, the limiting language in Rule 41(a)(2) shows that the drafters knew how to make a mechanism for voluntary dismissal exclusive—a limitation conspicuously absent from Rule 41(a)(1). *See Aamot*, 1 F.3d at 444 ("[W]e . . . take [Rule 41(a)(1)] at face value[] and assume that it 'means what it says.'" (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977))); *D.C. Elecs.*, 511 F.2d at 297 (opining that the drafters of Rule 41(a) were "[u]ndoubtedly conscious of the incalculable paths which litigation may follow" and are presumed to have "employed precise language"). We decline to create such a limitation independent of the text. *See D.C. Elecs.*, 511 F.2d at 298 ("[T]he power of change rests with the rule making body, not the courts.").

The history and purpose of the two-dismissal rule further support our holding. "The 'two dismissal' rule is an exception to the general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal . . . does not bar a new suit based upon the same claim." *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976). The rule aims to "prevent delays and harassment" caused by a plaintiff who unilaterally and repeatedly dismisses a case without prejudice. Wright & Miller, *supra*, § 2368 (collecting cases); *Poloron*, 534 F.2d at 1017 (noting that the rule's purpose is to "prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action"). Those concerns, however, are not implicated by a voluntary dismissal

pursuant to Rule 41(a)(2). *Cf. D.C. Elecs.*, 511 F.2d at 298 ("[A] plaintiff's ability to harass . . . can be cut off completely by . . . [serving] an answer . . . ."). Unlike a dismissal as of right under Rule 41(a)(1), a dismissal under Rule 41(a)(2) is subject to review by the district court and "may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). As such, "[a] dismissal obtained by motion and order of the court . . . does not pose the same danger of abuse or harassment." *ASX Inv. Corp.*, 183 F.3d at 1268.

We disagree with Hennis that allowing court-ordered dismissals at the earliest stages of a lawsuit will nullify the two-dismissal rule. As noted above, a plaintiff who moves pursuant to Rule 41(a)(2) is treated differently than one who files a Rule 41(a)(1) notice of dismissal. Under Rule 41(a)(1), a qualifying plaintiff has an absolute right to withdraw its action and, once a notice of dismissal is filed, a district court "has no discretion to deny such a dismissal." *Aamot*, 1 F.3d at 443. A plaintiff who moves to dismiss its action via court order, by contrast, is subject to the discretion of the district court. *See* Fed. R. Civ. P. 41(a)(2); *Bridgeport Music*, 583 F.3d at 953 ("A district court's decisions with respect to a motion for voluntary dismissal under Rule 41(a)(2) are reviewed for abuse of discretion."). The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it "deems necessary."[3] *Bridgeport Music*, 583 F.3d at 954. Some plaintiffs, no doubt, will value the possibility of securing an additional dismissal without prejudice and forgo Rule 41(a)(1) in favor of Rule 41(a)(2). But other rational plaintiffs will value the certainty and efficiency of a Rule 41(a)(1) dismissal over the risks and potential costs of a motion under Rule 41(a)(2). In either event, the

---

[3]Hennis contends that a district court will never deny a Rule 41(a)(2) motion for dismissal because it is powerless to force a plaintiff to prosecute its case. It is true that a court cannot force a recalcitrant plaintiff to continue prosecuting its case. But it would make little sense for a plaintiff whose aim is to secure a dismissal *without prejudice* to mount such a protest when one of the many possible sanctions for willfully failing to prosecute a case is dismissal of the case *with prejudice*. *See* Fed. R. Civ. P. 41(b).

two-dismissal rule continues to serve an important function by informing a plaintiff's choice and insulating defendants from repeated unilateral dismissals.[4]

Based on this reasoning, we affirm.

---

[4]Hennis does not argue that the district court's decision to grant Wellfount's Rule 41(a)(2) motion was itself an abuse of discretion. That argument is therefore waived. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014) ("[A]n appellant [generally] abandons all issues not raised and argued in its initial brief on appeal . . . ." (quoting *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006))).