RECOMMENDED FOR PUBLICATION

File Name: 21b0002p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: JACK WARREN HARANG,

*Debtor*.

————————————————————————

JACK WARREN HARANG,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA, IRS/Centralized
Insolvency Operation,

*Defendant-Appellee*.

No. 21-8003

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 2:18-bk-24543; Adv. No. 2:18-ap-00213—Jennie D. Latta, Judge.

Decided and Filed: December 28, 2021

Before: DALES, MASHBURN, and WISE, Bankruptcy Appellate Panel Judges.

————————————

**COUNSEL**

————————————

**ON BRIEF:** Larry Edward Parrish, PARRISH LAWYERS, P.C., Memphis, Tennessee, for
Appellant. Ari D. Kunofsky, Catriona M. Coppler, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

————————————

**OPINION**

————————————

SCOTT W. DALES, Chief Bankruptcy Appellate Panel Judge. This appeal concerns the
extent of a bankruptcy judge's authority under Federal Rule of Civil Procedure 41 to impose

conditions upon the voluntary dismissal of an adversary proceeding with prejudice. Finding no error in the Bankruptcy Court's exercise of its discretion, the Panel will affirm.

**JURISDICTION AND STANDARD OF REVIEW**

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide this appeal because the United States District Court for the Western District of Tennessee has authorized appeals to the BAP, and the order under review is the paradigm of a final order: it ended the litigation involving the dischargeability of a debt, with prejudice. 28 U.S.C. § 158(a)(1); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (citations omitted); *Cundiff v. Cundiff* (*In re Cundiff*), 227 B.R. 476, 477 (B.A.P. 6th Cir. 1998) (a bankruptcy court's judgment determining dischargeability is a final and appealable order). Stated differently and in more contemporary parlance, the adversary proceeding that prompted this appeal is the "usual judicial unit for analyzing finality" and the Bankruptcy Court's order ended that litigation. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020) (citation omitted); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502, 135 S. Ct. 1686, 1692 (2015) (discussing the "relevant proceeding" for analyzing finality in bankruptcy).

The Sixth Circuit reviews a district court's decisions with respect to a motion for voluntary dismissal under Rule 41(a)(2)[1] for abuse of discretion, and we apply the same standard when reviewing a similar order of a bankruptcy court. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009); *see also Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000) (reviewing conditions placed on a Rule 41(a)(2) dismissal for abuse of discretion). An abuse of discretion occurs "when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008) (citation omitted); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). A reviewing court may also find abuse of discretion where a trial court patently errs in exercising

---

[1]For convenience the Panel will refer to any Federal Rule of Civil Procedure simply as "Rule __."

its judgment. *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 607–08 (6th Cir. 2000) ("An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.'") (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999)).

## FACTS

Appellant Jack W. Harang ("Appellant" or "Harang") filed a complaint in the Bankruptcy Court against the Internal Revenue Service ("IRS") seeking a declaration that some of his tax debts were dischargeable, notwithstanding the possible exception to discharge under 11 U.S.C. § 523(a)(1). The IRS answered the complaint and served discovery requests. Unsatisfied with Harang's responses, the IRS moved to compel answers, and eventually sought discovery sanctions, which the Bankruptcy Court imposed in an order dated January 30, 2020. That order, as the sanction, stated that "[f]or all purposes in this case going forward, the Court will presume as established and Debtor shall be prohibited from contesting that the Debtor had sufficient income to pay his tax liabilities for the 2007 through 2008 tax years, but consciously chose not to do so." (Order Granting the United States' Motion to Impose Discovery Sanctions at 2).[2] Later, on September 25, 2020, after holding that a witness, Mr. Eddy, "refused to appear for his deposition at the direction of Mr. Harang," the Bankruptcy Court entered a second sanctions order making three additional factual findings. (Supplemental Order on United States' Expedited Second Motion to Impose Discovery Sanctions, ECF No. 119, and with ECF No. 32 each referred to as a "Sanctions Order.").

On January 15, 2021, the Bankruptcy Court issued an order scheduling the trial for February 16, 2021, but on January 21, 2021, Harang filed his motion to dismiss the adversary proceeding under Rule 41, with prejudice. The Bankruptcy Court held a hearing on the dismissal motion on February 11, 2021, announced its decision to dismiss the case with conditions, and directed the IRS's counsel to prepare an order, assuming the parties would agree on its form. When it became clear that they could not agree, the Bankruptcy Court prepared and entered its own Order of Dismissal with Prejudice. ("Dismissal Order," ECF No. 161).

---

[2]*Harang v. IRS* (*In re Harang*), Adv. No 18-00213, ECF. No. 32 (Bankr. W.D. Tenn. Jan. 30, 2020). Further references to the Bankruptcy Court's docket will be cited by "ECF No."

The Dismissal Order sets forth the Bankruptcy Court's view of its authority to impose conditions under Rule 41 and its rationale for imposing conditions and dismissing with prejudice:

> Given the protracted and tortious [sic] history of this case, the court finds it proper to condition the dismissal of the complaint upon the inclusion of its prior factual findings in this order of dismissal. The court also finds that the dismissal should be with prejudice because that was the request of the Plaintiff, which was not withdrawn, and because the United States was ready to proceed to trial when the request for dismissal was made.

(Dismissal Order at 3). Unhappy that the Bankruptcy Court reiterated and incorporated its prior factual findings in the Dismissal Order, Harang appeals from that order.

## DISCUSSION

Harang primarily makes two arguments on appeal. He devotes the bulk of his briefs to the idea that the Dismissal Order improperly attempts to create some sort of preclusive effect in future litigation. He also argues that the Bankruptcy Court lacked authority to impose any conditions on the dismissal because he was volunteering to dismiss the complaint "with prejudice," which is to say, agreeing that his debt to the IRS would be excepted from discharge. The Panel addresses each argument in reverse order.

I. The Bankruptcy Court had authority to impose conditions upon dismissal.

Rule 41, which governs dismissal, applies in bankruptcy adversary proceedings, with some modifications not applicable in the present case. *See* Fed. R. Bankr. P. 7041. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1) an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule expressly recognizes a trial court's authority to set the terms and conditions of dismissal, making no distinctions for dismissals with or without prejudice.

In the present case, Harang filed a complaint seeking a determination that his debt to the IRS was dischargeable. After the IRS filed an answer and the Bankruptcy Court had twice sanctioned him for discovery violations (presaging an IRS victory at trial), Harang filed a motion to voluntarily dismiss the adversary proceeding with prejudice under Rule 41(a)(2). At a hearing

on the motion, the Bankruptcy Court advised Harang that it would enter an order dismissing the case with prejudice and that the order would include a recitation of the factual findings made in the court's prior Sanctions Orders as a condition of dismissal. The Bankruptcy Court twice gave him the opportunity to withdraw his motion to dismiss and proceed to trial if he preferred, and afforded him an opportunity to confer with his counsel off the record, but he did not withdraw the motion. As noted above, the Bankruptcy Court also gave the parties an opportunity to agree to language in the dismissal order, though they evidently could not agree, prompting the Bankruptcy Court to pen its own.

In the Dismissal Order, the Bankruptcy Court recited the procedural history of the case. The court noted that because the IRS had filed an answer, the complaint was subject to dismissal only on court order as provided in Rule 41(a)(2). The court then found: "[i]t is proper to condition the dismissal of the complaint upon the inclusion of its prior factual findings in [the] order of dismissal." (Dismissal Order at 3). The court also found that "the dismissal should be with prejudice because that was the request of [Harang]." (*Id.*). The Bankruptcy Court then listed the four factual findings from its earlier Sanctions Orders and noted that these findings "remain unabated and are incorporated into [the] Order as a condition of dismissal." (*Id.* at 4–5). The court explained that the Sanctions Orders "were to adjudicate how, for non-compliance with discovery requirements, Harang was to be sanctioned[.]" (*Id.* at 5). Finally, the Dismissal Order dismissed the adversary proceeding with prejudice.

The Dismissal Order did not make any new factual findings as a condition of dismissal. Rather, it merely recited the previous findings contained in the Sanctions Orders and noted that they remained "unabated." The only relief provided in the Dismissal Order was dismissal of the adversary proceeding with prejudice, as Harang had requested.

On appeal, Harang asserts that "if there is no opportunity for a Rule 41 dismissed case to be refiled, there is no authority or even plausible argument that the Rule 41 dismissal can be conditioned on the effect of pre-dismissal rulings in the dismissed case." (Appellant's Br. at 7). He cites *CNX Gas Co., LLC v. Miller Energy Resources, Inc.*, No. 3:11-CV-362-TAV-CCS, 2014 WL 11638566 (E.D. Tenn. Jan. 8, 2014), for this proposition, though this unpublished trial court opinion does not support his argument.

In *CNX*, one of several plaintiffs sought voluntary dismissal under Rule 41(a)(2), and the remaining co-plaintiffs asked the Eastern District of Tennessee to condition the dismissal on a finding that the deposition of a particular witness (an employee of the party to be dismissed) would be admissible at the trial of the remaining claims under Rule 32. After noting that Rule 41 did not apply under the circumstances of that case,[3] the *CNX* court refused to make the evidentiary ruling under Rule 32 a condition of dismissal either under Rule 41 or Rule 21. Moreover, the court itself took for granted its discretion under Rule 41 to impose conditions on dismissal, contrary to Harang's misreading of the decision. *Id.* at *3. *CNX* does not aid Harang.

Harang also relies heavily on *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964), where the Sixth Circuit, issuing a writ of mandamus, reversed as an abuse of discretion a district court's denial of a plaintiff's motion to dismiss a case with prejudice. Harang reads *Smoot* as creating an absolute right to dismiss a case without conditions, so long as the dismissal is with prejudice, but *Smoot* does not stand for such a proposition. The district court in *Smoot* did not attach any conditions to dismissal, it simply refused to dismiss and forced the unwilling plaintiff to go to trial. In the present case, in contrast, the Bankruptcy Court granted the dismissal with prejudice as Harang requested, albeit in the same breath with a recitation of Harang's discovery misconduct. *Smoot* did not consider the imposition of conditions on dismissal, only the refusal to dismiss. The opinion is easy to distinguish.

The abuse of discretion standard often requires the reviewing court to consider whether the trial court improperly applied the law or used an erroneous legal standard. *See, e.g.*, *In re Murray, Inc.*, 392 B.R. at 296. Here, the text of Rule 41 sets forth the applicable law, and nothing in the rule expressly limits the imposition of conditions to cases of dismissal without prejudice.

In examining another Rule 41 question, the Sixth Circuit recently reiterated: "[W]e . . . take [Rule 41(a)(1)] at face value[ ] and assume that it 'means what it says.'" *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 773 (6th Cir. 2020)

---

[3]The court held that, under Sixth Circuit precedent, the dismissal of a party (as opposed to the dismissal of an entire lawsuit) must be accomplished under Rule 21. Because the court held that Rule 41 did not apply, its statements regarding that rule are, of course, *dicta*.

(quoting *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (additional citations omitted)).  The Circuit also cited *D.C. Elecs., Inc. v. Nartron Corp.*, 511 F.2d 294, 297 (6th Cir. 1975), for the propositions that "the drafters of Rule 41(a) were '[u]ndoubtedly conscious of the incalculable paths which litigation may follow' and are presumed to have 'employed precise language.'"  *Id.* Given the Sixth Circuit's finding in *Wellfount*, that court would not likely interpret Rule 41 as containing a limitation that is not expressly stated in the rule.  Accordingly, the Panel rejects Harang's interpretation as inconsistent with the text of the rule.

Additionally, Rule 37 provides support for the inclusion of factual findings in connection with dismissal.  Rule 37 authorizes a court "to impose sanctions for a wide variety of discovery misconduct."  *NPF Franchising LLC v. Sy Dawgs, LLC*, No. 1:18 CV 277, 2021 WL 2345367, at *13 (N.D. Ohio May 7, 2021).  Appellate courts show great deference to such decisions.  *See Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (A district court's discovery-related rulings are reviewed "under the highly deferential abuse-of-discretion standard.").  Rule 37(b)(2)(A)(i) specifies that as a sanction for not obeying a discovery order, the court may "designate[ ] facts be taken as established for purposes of the action[.]"  The entry of  an order under Rule 41 is part-and-parcel of the action, indeed the final step in "the action" within the meaning of Rule 37.  Thus, the text of both Rule 41 and Rule 37 provide authority for a court to make factual findings as a sanction for discovery abuse and to include those findings in a dismissal order, as the Bankruptcy Court did in this instance.  It is worth noting that Harang has not appealed from the Sanctions Orders nor has he challenged in any way the factual findings the Bankruptcy Court incorporated into the Dismissal Order,[4] only that incorporating the factual findings in the Dismissal Order was erroneous.

As the District Court for the Northern District of Ohio recently held, "Rule 41 was not intended as an escape clause, allowing parties to avoid the repercussions of discovery abuses; to avoid the potential of an unfavorable decision after protracted, fruitless litigation; or, to evade contractual agreements which would otherwise render them financially responsible for the

---

[4]Although he asserts that the prior Sanctions Orders were interlocutory when entered, they would have ripened for review upon entry of the Dismissal Order. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006) (discovery order reviewable after entry of order disposing of all claims).

expenses associated with litigation." *NPF Franchising, LLC*, 2021 WL 2345367, at *13 (finding Rule 41 dismissal with prejudice was an adjudication on the merits and awarding costs and attorney's fees as discovery sanction).

II. <u>The Bankruptcy Court did not make any determinations as to the issue-preclusive effect of any of its findings</u>.

Harang argues that including the prior factual findings in the Dismissal Order is improper because it represents an attempt by either the IRS or Bankruptcy Court "to convert the dismissal into a *res judicata* ruling on the merits for use by the IRS on any future litigation." (Appellant's Br. at 2). Whether Harang correctly perceives the motives of the Bankruptcy Court or the IRS is beside the point because, irrespective of motives, the question of the Dismissal Order's preclusive effect is one necessarily and exclusively within the prerogative of a future court: preclusion principles bar "subsequent *relitigation* of a fact or issue where that fact or issue was necessarily adjudicated in a *prior* cause of action and the same fact or issue is presented in a subsequent suit." *See Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589–90 (6th Cir. 2009) (emphasis added) (citing Restatement (Second) of Judgments § 13 (1982)).[5] The preclusive effect of the Dismissal Order in a future proceeding, in other words, raises questions that are neither ripe nor subject to resolution as a practical matter before the commencement of that later proceeding.

Moreover, the record shows that the Bankruptcy Court, with good reason, did not opine as to the potential preclusive effect of its orders or make any pronouncements about any of the elements necessary for preclusion. The Bankruptcy Court left the application of collateral estoppel entirely to future courts. For *res judicata* purposes, however, the court's decision to dismiss Harang's complaint—with prejudice at his request—already precludes any claim that the

---

[5]Issue preclusion hinges on the identity of the parties in the two proceedings, their privies, the respective burdens of proof, and the nature of the issues in the later litigation compared to the earlier. For example, satisfying a burden of proof by the preponderance of the evidence in a prior civil proceeding will count for naught in a later criminal prosecution. *Cf. Traficant v. CIR*, 884 F.2d 258, 262 (6th Cir. 1989) (given different burdens of proof, acquittal in criminal proceeding did not preclude later civil proceeding). Therefore, until the later action is filed (identifying parties and issues), it is imprudent if not impossible to determine the issue-preclusive effect of a final order.

taxes at issue in the litigation are discharged or dischargeable, subject to whatever protections Harang may enjoy under § 523(b) in a later bankruptcy case.[6]

If Harang is correct that his willingness to dismiss his complaint with prejudice makes the Bankruptcy Court's reiterated findings unnecessary to the relief it granted—dismissal with prejudice—the additional language may amount to no more than *dicta*. If the Panel, however, were to spend its time excising *dicta* from otherwise unassailable opinions of the bankruptcy courts, its labors would never cease or bear fruit. The elimination of *dicta* is ordinarily a matter of discipline and discretion for the trial court, not the work of an appellate court. The preclusive effect of the Dismissal Order—apparently the concern motivating this appeal—remains an open question for another court in a collateral proceeding.

For these reasons, Harang has not persuaded the Panel that the Bankruptcy Court's recitation of the procedural history in the Dismissal Order, and the reiteration of the sanctions-related findings, did any more than express that court's condemnation of Harang's misconduct in connection with the litigation.

## CONCLUSION

A bankruptcy court has the authority, the duty, and the discretion to address the misbehavior of parties appearing before it, and may do so simply by expressing opprobrium, as it evidently did here. The abuse of discretion standard governing review of the "terms that the court considers proper" under Rule 41(a)(2) intentionally creates much-needed latitude for the trial courts to exercise that discretion. The Panel finds textual support in the rules for setting terms for the voluntary dismissal of an adversary proceeding—even a dismissal with prejudice. It further concludes that the Bankruptcy Court did not abuse its discretion under Rule 41(a)(2) by simply restating earlier and unchallenged factual findings for purposes of the proceeding. Accordingly, the Dismissal Order is AFFIRMED.

---

[6]Because Harang's claim against the IRS (that his tax debts were dischargeable) was resolved against him by his voluntary dismissal with prejudice—the "*res*" has been adjudicated—the Panel interprets his reference to *res judicata* as pertaining to the collateral estoppel or "issue preclusion" branch of that doctrine. *Brownback v. King*, 141 S. Ct. 740, 747 n.3 (2021) (explaining that *res judicata* "comprises two distinct doctrines," claim preclusion and issue preclusion).