# United States Tax Court

T.C. Memo. 2026-2

JAY DUNN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket No. 5294-25L.                                    Filed January 7, 2026.

———————

*Donna Frances Hartl* and *Brett R. Simpson*, for petitioner.

*Michael J. Pflueger III* and *Matthew T. James*, for respondent.


## MEMORANDUM OPINION

GOEKE, *Judge*: Pending before the Court in this collection due process (CDP) case is petitioner's Motion to Dismiss or Withdraw the Petition (Motion) seeking dismissal without prejudice.

### Background

The following facts are derived from the parties' pleadings and Motion papers and the Exhibits attached thereto. The background is stated only for purposes of ruling on petitioner's Motion. Petitioner resided in Michigan when he timely filed the Petition.[1]

———————

[1] Absent stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Sixth Circuit. *See* § 7482(b)(1)(G), (2). Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]** Petitioner timely requested a CDP hearing with the Internal Revenue Service Independent Office of Appeals in response to a Notice of Intent to Levy (proposed levy) for 2018, 2019, and 2020. He challenged his underlying tax liabilities but did not propose any collection alternatives. The Appeals officer (AO) assigned to the CDP hearing scheduled a telephone conference for February 24, 2025, but petitioner did not call the AO at the scheduled time. The AO mailed a last chance letter to petitioner and set a March 10, 2025, deadline for petitioner to respond. Petitioner did not respond by the deadline, and so the AO closed the case. Two days later, on March 12, 2025, respondent issued a Notice of Determination sustaining the proposed levy.

On August 6, 2025, after respondent filed his Answer, petitioner filed his Motion asserting that he no longer wished to pursue this proceeding, but he did not provide a reason for seeking dismissal. The Court issued an Order asking respondent's position with respect to whether he would be prejudiced by a dismissal in the light of the Supreme Court's decision in *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022), that the section 6330(d)(1) 30-day period to petition this Court for review of a CDP case is a nonjurisdictional deadline subject to equitable tolling. Respondent answered that he would not be prejudiced by a dismissal and did not object to petitioner's Motion. Respondent also informed the Court that petitioner plans to submit an offer-in-compromise (OIC) and that respondent is willing to consider the OIC.

Thereafter, at the Court's request, through counsel petitioner confirmed that he does not intend to file a second petition for review of the proposed levy and that he understands he will be subject to collection action as provided by law if we grant his Motion.

*Discussion*

Petitioner asks the Court to dismiss this case without prejudice, citing *Wagner v. Commissioner*, 118 T.C. 330 (2002).[2] There is no Rule addressing voluntary dismissals. Accordingly, we apply the dismissal rules under Rule 41(a) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). *See* Rule 1(b) (providing the Court may give "particular weight" to the Fed. R. Civ. P. where no Rule provides a governing procedure); *see also Students & Acads. for Free Expression, Speech, & Pol. Action in*

---

[2] Petitioner also cites Rule 53, which addresses dismissals for cause, but he has not stated a cause for dismissal. Accordingly, Rule 53 is not applicable.

[*3] *Campus Educ., Inc. v. Commissioner*, 163 T.C. 175, 177 (2024) (applying Fed. R. Civ. P. 41(a)).

Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order if (1) the plaintiff files a notice of dismissal before the defendant serves an answer or a motion for summary judgment or (2) the parties sign and file a stipulation of dismissal. Alternatively, Fed. R. Civ. P. 41(a)(2) applies, and dismissal requires a court order. Unless the court states otherwise, a dismissal under Fed. R. Civ. P. 41(a)(2) is without prejudice. *See Davidson v. Commissioner*, 144 T.C. 273, 276 (2015); *Settles v. Commissioner*, 138 T.C. 372, 375 (2012). When the Court grants dismissal without prejudice, the case is treated as if it had never been filed. Fed. R. Civ. P. 41(a)(2); *see Wagner*, 118 T.C. at 333–34.

Granting dismissal without prejudice under Fed. R. Civ. P. 41(a)(2) is subject to the Court's discretion. *See Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). The purpose of Fed. R. Civ. P. 41(a)(2) is to protect the nonmoving party from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009); *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Courts should grant dismissal without prejudice "unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Stein v. Commissioner*, 156 T.C. 167, 169 (2021) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986)); *see also Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (stating dismissal without prejudice is appropriate unless the defendant will suffer "plain legal prejudice"). Courts must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857; *see* Fed. R. Civ. P. 41(a)(2) (allowing a court to impose terms it considers appropriate).

When considering whether to dismiss without prejudice, courts consider the extent of the defendant's discovery efforts, the expenses it has incurred to prepare for trial, the defendant's filing of a summary judgment motion, the plaintiff's diligence or delay in prosecuting the action, the plaintiff's explanation for requesting dismissal without prejudice, and the dismissal's effect on judicial resources. *See Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999); *Grover*, 33 F.3d at 718. However, "[t]he crucial question . . . is [whether] the defendant [would] lose any substantial right by the dismissal." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967); *see*

**[\*4]** *Wagner*, 118 T.C. at 333. When the defendant will suffer clear legal prejudice, we may deny the motion or impose conditions on the dismissal such as requiring the plaintiff to pay the defendant's costs. *See Bridgeport Music, Inc.*, 583 F.3d at 954; *Stein*, 156 T.C. at 170.

When we decided *Wagner*, our precedent held that the section 6330(d)(1) 30-day filing period was a jurisdictional requirement. *See McCune v. Commissioner*, 115 T.C. 114, 117 (2000) ("The statutory periods [of section 6330(d)(1)] are jurisdictional and cannot be extended."); *see also Sarrell v. Commissioner*, 117 T.C. 122, 125 (2001) ("[T]his Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid determination letter and the filing of a timely petition for review."); *Meyer v. Commissioner*, 115 T.C. 417, 421 (2000) (same); *Offiler v. Commissioner*, 114 T.C. 492, 498 (2000) (same).

In *Wagner*, 118 T.C. at 333–34, a CDP case, we granted the taxpayers' motion to dismiss without prejudice to their right to refile a petition with this Court for review of the collection action despite the Commissioner's objection.[3] *See also id.* at 331 n.3. We noted the statutory period for filing a petition had expired, meaning the taxpayers could no longer file a petition for review of the collection action in this Court. Accordingly, we concluded that the Commissioner was "not prejudiced in maintaining the subject collection action against [the taxpayers] as if the instant proceeding had never been commenced." *Id.* at 334.

Although we used the words "without prejudice," the dismissal in *Wagner* effectively operated as a dismissal with prejudice with respect to the taxpayers' ability to seek review of the CDP case in this Court. *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 627 (6th Cir. 2000) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)) (stating it is the legal effect, not the formal wording of the dismissal, that determines whether legal prejudice results); *Berry v.*

---

[3] *Wagner* allowed voluntary dismissals in actions brought under section 6330(d). This is not a result permitted in a deficiency case where the Court is required to enter a decision and a dismissal is treated as a decision that the amount determined in the Notice of Deficiency is correct. *See* § 7459(d); *Estate of Ming v. Commissioner*, 62 T.C. 519, 522 (1974). In *Wagner*, 118 T.C. at 331 n.3, the Commissioner did "not object to dismissal without prejudice to [the taxpayers'] filing a refund suit in District Court." However, he took "the position that the dismissal should be with prejudice to their refiling a petition under sec[tion] 6320(c) in our own Court based on the same claim as their existing petition." *Id.* We dismissed without prejudice to both filings and left it to the district court to determine whether the taxpayers were entitled to any relief there. *Id.* at n.2.

[*5] *CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (treating dismissal without prejudice as a dismissal with prejudice where a 90-day filing deadline had expired before the dismissal).

In *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501, the Supreme Court held that the section 6330(d)(1) 30-day period to file a petition for review of a CDP case is a nonjurisdictional, procedural requirement that is subject to equitable tolling. Accordingly, this Court has authority to consider a late-filed petition in a CDP case if the taxpayer can establish that equitable tolling is warranted. *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501; *see Reed v. Commissioner*, T.C. Memo. 2025-4, at *3–4; *Shaw v. Commissioner*, T.C. Memo. 2024-48, at *3–4.

After *Boechler*, the reasoning of *Wagner* regarding why a case may be dismissed without prejudice requires further analysis. There is no jurisdictional bar to a taxpayer's filing a second petition for review of the CDP case if the Court dismisses a prior CDP case without prejudice. After petitioner filed his Motion, we ordered respondent to address the impact of *Boechler* on the principles of *Wagner*, specifically whether he would be prejudiced by the dismissal because of the availability of equitable tolling of the section 6330(d)(1) filing period. Respondent concedes he would not be prejudiced and does not object to petitioner's Motion.

Dismissal without prejudice protects the plaintiff's right to file a subsequent lawsuit. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). Our decision in *Wagner* to grant dismissal without prejudice might, on its face, have caused a taxpayer to think he had another chance for Court review of the collection action. Before *Boechler* that was not the case. After *Boechler*, taxpayers technically have another chance for Court review of the collection action if they can establish that either equitable tolling or some other relief to the 30-day petition period of section 6330(d)(1) applies.

Nevertheless, the phrase "without prejudice" may still confuse taxpayers because they are severely restricted in their ability to seek further Court review even though section 6330(d)(1) does not impose a jurisdictional bar to filing a subsequent petition. As a practical matter, it is unlikely that taxpayers will have another opportunity for Court review of the collection action. Taxpayers face a "heavy burden" of proof

**[\*6]** when asserting they are entitled to equitable tolling.[4] Tolling of federal statutes is used "sparingly." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2002); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Aiello*, T.C. Memo. 2025-46, at \*4 (calling equitable tolling "a rare remedy" (quoting *Quiroa-Motta v. Garland*, 993 F.3d 25, 27 (1st Cir. 2021))).

Because respondent does not object, it is appropriate to grant dismissal without prejudice. However, even with a dismissal without prejudice, it is unlikely petitioner could refile a petition and obtain Court review of a collection action. Taxpayers need to understand the substantive impact of a dismissal. Although petitioner is represented by counsel, we are cognizant that taxpayers are self-represented in approximately 80% of our cases and may be unfamiliar with how best to protect their right to judicial review. U.S. Tax Court, *Congressional Budget Justification Fiscal Year 2026*, at 27 (May 1, 2025) https://ustaxcourt.gov/files/documents/FY_2026_Congressional_Budget_Justification.pdf.

When we grant a voluntary dismissal without prejudice in a CDP case, the taxpayer's ability to refile a petition with this Court for review of the collection action is severely restricted. It is questionable whether a taxpayer could ever show that equitable tolling applies after moving to dismiss their own case.

Petitioner understands that if respondent rejects his OIC, respondent will not issue a supplemental notice of determination for the Court to review. He also acknowledges that upon the Court's granting dismissal without prejudice, he will be subject to collection actions as provided by law. He has stated that he does not intend to refile a petition.

Because respondent does not object to petitioner's Motion to Dismiss, we will dismiss this case without prejudice.

To reflect the foregoing,

*An appropriate order of dismissal will be entered.*

---

[4] See *Aiello v. Commissioner*, T.C. Memo. 2025-46, at \*4 (citing *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)), and *Oquendo v. Commissioner*, 148 F.4th 820, 834 (6th Cir. 2025), for the requirements for establishing whether equitable tolling is warranted.